# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5546 | **DATE** | January 18, 2012 |
| **CASE TITLE** | Mazur vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section, Defendant City of Chicago's "Motion to Dismiss Plaintiff's Complaint in Part and Stay Discovery," [12] is granted. Count I is dismissed in its entirety, as are any allegations in Count II premised on Defendant's alleged failure to promote Plaintiff. The city is to file its answer, by Feb. 1, 2012, to Mazur's retaliatory discipline claim in Count II of his Complaint. Counsel are to confer pursuant to Rule 26(f) and jointly file a Form 52 on or before Feb. 15, 2012. The case is set for status and entry of a scheduling order at 9:00 AM on Feb. 22, 2012.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Before the court is Defendant City of Chicago's "Motion to Dismiss Plaintiff's Complaint in Part and Stay Discovery." (Dkt. No. 12 (Def.'s Mot.).) For the reasons that follow, the motion is granted.

On Aug. 15, 2011, Plaintiff Paul Mazur ("Mazur"), an assistant chief engineer for the City of Chicago, filed suit against the city seeking to recover for national origin discrimination and retaliation under Title VII. (Dkt. No. 1 (Pl.'s Compl.).)

Mazur's complaint of national origin discrimination in Count I is based on the city's alleged failure to promote him to the position of chief engineer. Mazur has been employed by the city since March 1982. (Pl.'s Compl. ¶ 11.) He is of Polish descendent, and contends that his supervisor, Mark O'Malley, treated Irish employees more favorably than he treated Mazur. (Pl.'s Compl. ¶¶ 12–13.) Specifically, Mazur contends that he has applied for four chief engineer positions with the city in the last two years, but was not promoted. (*Id.* ¶ 14.) Instead, the positions went to people of Irish descent, one of whom is related to O'Malley. (*Id.*) O'Malley conducted the interviews for the chief engineer positions. (*Id.*) Mazur contends he was passed over even though he had 30 years of service with the city and had scored 90 percent on the first part of the test for chief engineer. (*Id.* ¶ 15). He alleges that the city hired less qualified candidates because they were of Irish descent, even though he was meeting the city's legitimate expectations. (*Id.* ¶¶16–17.)

In Count II, Mazur alleges that the city retaliated against him for complaining about national origin discrimination. Attached to the Complaint is Plaintiff's EEOC charge, dated May 5, 2011, in which he wrote, in relevant part:

> I previously filed EEOC Charge #440-2010-01080. During my employment, I was subjected to discipline and forced to attend a disciplinary hearing for pretextual reasons. I believe that I have been discriminated against because of my National Origin, Polish, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

**STATEMENT**

(*Id.* at Ex. A (hereinafter, "May 2011 charge.")) Mazur alleges that on several occasions, he complained to his supervisors, O'Malley and Tom Special, that he believed he was not being promoted because of his complaints that employees of Irish descent were being treated more favorably. (*Id.* ¶ 29.) Mazur alleges that as result of those complaints, he was passed over for the position of chief engineer. (*Id.* ¶ 30.) He also alleges that he received disciplinary write-ups as a result of his complaints of discrimination. (*Id.* ¶ 31). Specifically, on April 13, 2011, he was subjected to a "pre-disciplinary meeting" for an incident that occurred nearly four months earlier. (*Id.*)

The city contends that any claim that Mazur was denied a promotion because of his national origin or in retaliation for engaging in protected activity is outside the scope of the May 2011 EEOC charge, and thus barred. (Def.'s Mot. 1.) The court agrees.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts, accepted as true, "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a complaint's factual allegations need not be detailed, they must provide more than "labels, conclusions, or formulaic recitations of the elements of a cause of action, and allege enough to raise a right to relief above the speculative level." *Ruiz v. Kinsella*, 770 F. Supp. 2d 936, 941–42 (N.D. Ill. 2011) (citing *Twombly*, 550 U.S. at 555).

Additionally, in the context of an employment discrimination case, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge. *Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). This rule is meant to afford the EEOC and the employer the opportunity to resolve the dispute through conciliation, and to give the employer notice as to the conduct at issue. *Id.* Although not jurisdictional, this is a condition precedent to suit with which Title VII claimants must comply. *Id.*

However, because most EEOC charges are completed by laypersons, a Title VII claimant need not allege each an every fact that forms the basis for each claim in his complaint. *Id.* The test for determining whether an EEOC charge encompasses the claims in the complaint is whether those claims are "'like or reasonably related to the allegations of the charge and growing out of such allegations." *Id.* (citing *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc)). Claims are reasonably related if they describe the *same conduct* and implicate the *same individuals*. *Cheek*, 31 F.3d at 501.

Mazur notes that his discrimination charge indicated on its face that the city's allegedly discriminatory acts were part of a "continuing action" and referenced an earlier discrimination charge he had filed (No. 444–2010–01080). (Dkt. No. 17–1 (Pl.'s Resp. 2.) Mazur contends the earlier charge was based in part on the city's failure to promote him. The charge, filed on Dec. 3, 2009, reads, in relevant part:

> I was hired by Respondent in March 1982. My current position is Assistant Chief. During my employment, I have been subjected to different terms and conditions of employment, including, but not limited to being denied vacation time and overtime. Non-Polish employees have been treated more favorably.

(Pl.'s Resp., Ex. B (hereinafter, "December 2009 charge.") Mazur also has attached an affidavit in which he avers that in addition to the allegations in the earlier charge, he specifically informed the EEOC that his claims included the failure to promote. (Pl.'s Resp., Ex. C, ¶ 5.) (He presumably did this in regard to the December 2009 charge, although the affidavit is not entirely clear.)

There are several problems with Mazur's response. First, Mazur received a right-to-sue letter for the December 2009 charge dated Jan. 19, 2010, but did not file suit on this charge within 90 days of his receipt of the letter, as is required. *See* 42 U.S.C. § 2000e–5(f). Mazur cites no authority for the proposition that he may incorporate the allegations of a now time-barred charge into a charge for which he did timely file suit. In fact, the Seventh Circuit has held that a claimant cannot incorporate such allegations. In *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004), the complainant did not file suit within 90 days after receiving her right-to-sue letters for her first and second EEOC charges, but did timely file suit on her third EEOC charge. The Seventh Circuit held that she could pursue only the claims in the third charge, or those reasonably related to the third charge. *Id; see also Velasco v. Ill. Dep't. of Human Servs.*, 246 F.3d 1010,

**STATEMENT**

1018 (7th Cir. 2001) (holding that claimant must re-assert claims made in time-barred charge in a timely charge in order to file suit on those claims).

All this aside, the December 2009 charge does not refer to the city's alleged failure to promote Mazur. Mazur's averment that he orally informed the EEOC of this allegation is problematic for several reasons. First, it is outside the four corners of the complaint, and a Rule 12(b)(6) motion must be decided on the basis of the face of the complaint and its attachments. *Miller v. Herman*, 600 F.3d 726,733 (7th Cir. 2010). When matters outside the pleadings are presented, the court may consider whether to convert the motion to one for summary judgment, but in this case it would not help Mazur's cause to do so.

Mazur correctly notes that the Seventh Circuit has allowed consideration of allegations outside the body of the charge in determining the proper scope of the claim. *See, e.g., Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110–11 (7th Cir. 1992) (considering sworn affidavit submitted the same day as typewritten charge), *Box v. A & P Tea Co.*, 772 F.2d 1372, 1375 (7th Cir. 1985) (considering handwritten addendum to charge). However, he cites no authority for the proposition that oral statements may be considered part of the EEOC charge. In fact, the Seventh Circuit has indicated otherwise. In *Vela v. Village of Sauk Village*, 218 F.3d 661, 665 (7th Cir. 2000), that court held that an oral charge "not reflected in nor reasonably related to the charge actually filed, is not a sufficient predicate for a claim of sexual harassment in [a] civil action." This is because EEOC charges are required to be in writing and under oath, *see* 42 U.S.C. § 2000e-5(b), and there can be assurance that an oral statement to an agency representative will result in notice to the employer. *Id.*

Mazur additionally argues that the city was aware of his failure-to-promote claim because he filed a complaint with the Inspector General's Office including that claim. But he offers no support for his contention that this relieves him of the obligation to notify the city, through the EEOC process, of his claims of discrimination. Nor does the fact that Mazur checked the "continuing action" box on his EEOC charge save his failure-to-promote claim. Claims about discrete actions, such as the failure to promote, are not continuing violations. *Awak v. Heartland Alliance for Human Needs & Human Rights*, No. 11 C 4133, 2011 WL 6951821, at * 2 (N.D. Ill. Dec. 29, 2011) (citing *Pruitt v. City of Chi.*, 472 F.3d 925, 927 (7th Cir. 2006)). Rather, this theory applies to claims that depend on cumulative acts, such as hostile work environment claims. *Pruitt*, 472 F.3d. at 927.

So the survival of Mazur's failure-to-promote claim depends on whether he can meet the *Cheek* test and show that it is "like or reasonably related to the allegations of the charge and growing out of such allegations." 31 F.3d at 500. Mazur makes no attempt to show any reasonable relationship between the failure-to-promote allegations and those in the May 2011 EEOC charge, and this court cannot conclude that such a relationship exists. *See Chambers v. Am. Trans Air, Inc.*, 17 F.3d 998, 1003 (7th Cir. 1994) (holding that claim of failure to promote was outside the scope of charge based on unequal compensation). As such, the portions of Mazur's complaint based on an alleged failure to promote him cannot go forward.

Count I of the Complaint appears to be based entirely on the city's alleged failure to promote Mazur except for a brief reference incorporating the allegations in the May 2011 charge of discrimination. (Pl.'s Compl. ¶ 18.) If Mazur wishes to pursue a claim that he was subjected to discipline because of his national origin, he should replead his complaint to make this clear. In Count II, Plaintiff's complaint of retaliatory discipline, *see id.* at ¶¶ 31–32, may go forward, but his claims related to the city's alleged failure to promote him are dismissed.

The city additionally requested that all discovery be stayed pending ruling on this motion, and that it be given time to answer the complaint following this ruling. The city's answer to Mazur's claims of retaliatory discipline set forth in Count II is due Feb. 1, 2012. Counsel are to confer pursuant to Rule 26(f) and jointly file a Form 52 on or before Feb. 15, 2012. The case is set for status and entry of a scheduling order at 9:00 AM on Feb. 22, 2012. The parties are encouraged to discuss settlement.

*James F. Holderman*